FILED

at____O'clock &____min.____M

SEP 2 8 2007

United States Bankruptcy Court
Columbia, South Carolina

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re, | C/A No. 06-05234-JW |
| Jacqueline Gayle Poppell, | Adv. Pro. No. 07-80021-JW |
| Debtor(s). | Chapter 7 |
| Suzanne Plank, Personal Representative for the estate of Agnes Harrison, | **ORDER** |
| Plaintiff(s), | **ENTERED** |
| v. | SEP 2 8 2007 |
| Jacqueline Gayle Poppell, | |
| Defendant(s). | |

This matter comes before the Court on the Motion for Summary Judgment (the "Motion") filed by Plaintiff, Suzanne Plank, as Personal Representative for the estate of Agnes Harrison ("Harrison"), pursuant to Fed. R. Civ. P. 56, made applicable to this proceeding by Fed. R. Bankr. P. 7056, on the grounds that there is no genuine issue of material fact and that Harrison is entitled to judgment as a matter of law. Harrison seeks an order denying the discharge of Jacqueline Gayle Poppell ("Debtor"), pursuant to 11 U.S.C. § 727(a)(4)(A) on the grounds that she knowingly and fraudulently made false oaths in her Statement of Financial Affairs filed with the Court and during her examination by the Chapter 7 Trustee at the First Meeting of Creditors. Pursuant to Fed. R. Civ. P. 52, made applicable to this proceeding by Fed. R. Bankr. P. 7052, the Court makes the following Findings of Fact and Conclusions of Law.[1]

---

[1]     To the extent any of the following Findings of Fact constitute Conclusions of Law, they are adopted as such and to the extent any Conclusions of Law constitute Findings of Fact, they are also adopted as such.

## FINDINGS OF FACT

1.    On April 27, 2000, Debtor's husband, Robert T. Harmon conveyed to Debtor and himself "as joint tenants with a right of survivorship" an undivided interest in real property described as 1732 Terrace View Drive, West Columbia, Lexington County, South Carolina (the "Property") by deed that was recorded on May 1, 2000 (the "2000 Deed"). The 2000 Deed appears to convey ownership of the Property to Debtor as either a joint tenant or a tenant in common.[2]

2.    On April 11, 2005, Harrison filed a collection action in Lexington County against Debtor after Debtor defaulted under the terms of a Note dated September 17, 1993 in the amount of $50,000.00.

3.    On April 19, 2005, just 8 days after the filing of Harrison's state court action, Debtor executed a deed, which conveyed her interest in the Property to her husband for $5.00, plus love and affection (the "2005 Deed"). Debtor stated in her memorandum that she transferred her interest to her husband to keep him out of the litigation with Harrison.

4.    On October 16, 2005, the state court granted Harrison's motion for summary judgment and entered a judgment against Debtor in the amount $59,458.70.

5.    On November 15, 2006, Debtor filed for relief under chapter 7 of the United States Bankruptcy Code.

6.    At the time she filed her Petition, Debtor also filed with the Court her verified Schedules and Statement of Financial Affairs ("SOFA"). In response to question number 10

---

[2]    There is some issue regarding whether Debtor held the property as a joint tenant with right of survivorship or a tenant in common with right of survivorship due to the enactment of S.C. Code Ann. § 27-7-40 in August 2000, which allows for the creation of joint tenancies with right of survivorship but requires the deed to specifically state "as joint tenants with right of survivorship and not as tenants in common." The Court believes it is unnecessary to make a determination of this issue because under either of these cotenancies, it appears that Debtor would have a vested interest in the property and not a life estate, which should have been disclosed in her schedules and statements.

on the SOFA regarding "other transfers," Debtor stated that she had not transferred any property within the two years immediately preceding the commencement of her bankruptcy case.

7.      Debtor signed the SOFA under penalty of perjury.

8.      The 2005 Deed executed by Debtor resulted in the transfer of an interest in property from Debtor to her husband, which occurred within the two years immediately preceding the commencement of her bankruptcy case.

9.      Debtor is a real estate broker with 13 years of experience.

10.     Debtor listed only two creditors in her Schedules for this case: GMAC and Harrison. Debtor reaffirmed her debt with GMAC. Harrison's debt is the only remaining debt that the Debtor seeks to discharge in this case.

11.     On December 22, 2006, at the First Meeting of Creditors, Debtor was examined by Michelle Vieira, the chapter 7 trustee (the "Trustee"). Debtor did not inform the Trustee of the 2005 transfer of the property to her husband and testified that her bankruptcy schedules were complete and honest.

12.     Debtor has not amended her SOFA to reflect the 2005 transfer of her interest in the Property to her husband.

13.     On March 20, 2007, Harrison timely filed a Complaint Objecting to Discharge of the Debtor under 11 U.S.C. § 727.

14.     On April 9, 2007, Debtor timely filed an Answer to the Complaint opposing the denial of her discharge.

15.     The parties have completed discovery.

16.    On June 12, 2007, Harrison filed the Motion and a memorandum in support and attached certified true copies of court records including the 2000 and 2005 Deeds, the state court pleadings, and an affidavit of the Trustee, which discusses Debtor's responses to the Trustee at the First Meeting of Creditors.

17.    On July 21, 2007, Debtor filed a Response to the Motion, but did not file any affidavits in support of her Response.

## CONCLUSIONS OF LAW

### I.    Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  When evaluating a motion for summary judgment, the Court "must consider whether a reasonable jury could find in favor of the non-moving party, taking all inferences to be drawn from the underlying facts in the light most favorable to the non-movant." Mercantile Peninsula Bank v. French (In re French), No. 06-1405, 2007 WL 2410874, at *4 (4th Cir. Aug. 27, 2007)(quoting In re Apex Express Corp., 190 F.3d 624, 633 (4th Cir. 1999).  The Court must determine if there is a genuine issue for trial without weighing the evidence or making credibility determinations.   See French, 2007 WL 2410874, at *4 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Bouchat v. Baltimore Raven Football Club, Inc., 346 F.3d 514, 522 (4th Cir. 2003), cert. denied, 541 U.S. 1042 (2004).  Upon making this

showing, the burden shifts to the non-moving party to go beyond the pleadings and present affidavits, depositions, answers to interrogatories or admissions demonstrating that a genuine issue exists for trial. Rule 56(e) states that the party opposing the motion "may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). If the party opposing the motion does not so respond, summary judgment shall be entered against him. Id.

## II.    11 U.S.C. § 727(a)(4)(A)

Section 727(a)(4)(A) of the Bankruptcy Code provides that "the court shall grant the debtor a discharge unless … the debtor knowingly and fraudulently, in or in connection with the case … made a false oath or account." "In order to be denied a discharge under this provision, 'the debtor must have made a statement under oath which he knew to be false, and he must have made the statement willfully, with the intent to defraud.' " Mercantile Peninsula Bank v. French (In re French), No. 06-1405, 2007 WL 2410874, at *5 (4th Cir. Aug. 27, 2007) (quoting Williamson v. Fireman's Fund Ins. Co., 828 F.2d 249, 251 (4th Cir. 1987). The false oath must also relate to a material matter. McDow v. Rothschild (In re Rothschild), C.A. No. 03-11346, Adv. Pro. No. 03-80563, slip op. at 10 (Bankr. D. S.C. Jul. 1, 2004). The burden of proving grounds for denial of debtor's discharge is on the party objecting to the debtor's discharge. Farouki v. Emirates Bank Int'l, Ltd., 14 F.3d 244, 249-50 (4th Cir. 1994). When objecting to a debtor's discharge under § 727, the plaintiff must prove her case by a preponderance of the evidence. Anderson v. Hooper (In re Hooper), 274 B.R. 210, 215 (Bankr. D. S.C. 2001).

Harrison asserts that Debtor made false oaths when she failed to list the 2005

transfer of the Property to her husband in her SOFA[3] and when she testified at her First

Meeting of Creditors that her schedules were complete and accurate.  The evidence before

the court indicates that Debtor transferred her interest in the Property within the two years

immediately preceding the commencement of this case.  Debtor did not disclose this

transfer in response to the question requiring Debtor to list all other property transferred

within the two years immediately preceding the commencement of her case.  Debtor also

failed to advise the Trustee at the First Meeting of Creditors that her SOFA was incomplete

when the Trustee asked whether her schedules were complete and accurate.  Thus, the

Court finds that there is no genuine issue of material fact regarding whether Debtor made

false statements under oath.  <u>See</u> <u>In re Beaubouef,</u>   966 F.2d 174, 178 (5th Cir.

1992)("False oaths sufficient to justify the denial of discharge include '(1) a false statement

or omission in the debtor's schedules or (2) a false statement by the debtor at the

examination during the course of the proceedings.' ")

The next issue is whether Debtor made these false statements willfully and

fraudulently.  Generally, the question of whether a debtor made false statements with the

intent to defraud is a question of fact.  <u>See</u> <u>Mercantile Peninsula Bank v. French (In re</u>

<u>French),</u> No. 06-1405, 2007 WL 2410874, at *5 (4th Cir. Aug. 27, 2007).  Intent may

proven by direct evidence or by circumstantial evidence drawn from a debtor's course of

conduct. <u>Anderson v. Hooper (In re Hooper),</u> 274 B.R. 210, 217 (Bankr. D. S.C. 2001); <u>see</u>

---

[3]      The SOFA requires a debtor to:
        [l]ist all other property, other than property transferred in the ordinary course of the
        business or financial affairs of the debtor, transferred either absolutely or as security
        within two years immediately preceding the commencement of this case. (Married
        debtors filing under chapter 12 or chapter 13 must include transfers by either or both
        spouses whether or not a joint petition is filed, unless the spouses are separated and a
        joint petition is not filed

<u>also</u> <u>In re Reis,</u> No. 06-12427, 2007 WL 2119418 (Bankr. S.D. Fla. Jul. 24,

2007)("[A]ctual intent may be inferred from circumstantial evidence."). The 2000 Deed

provides conclusive evidence that Debtor had an interest in the Property. The 2005 Deed,

signed by Debtor, indicates she knew she had an interest in the Property, which she

intended to convey to her husband. Harrison argues Debtor knew that she owned an

interest in the Property because she transferred her interest in the Property 8 days after

being sued, and the only inference to be drawn from this conduct is that she knew the

Property would be otherwise subject to Harrison's judgment. It appears from the

documents filed in this case that Debtor filed her chapter 7 bankruptcy case in order to

discharge Harrison's judgment debt.[4]  Debtor's course of conduct since the filing of

Harrison's collection action appears to have been designed to avoid subjecting the Property

to Harrison's debt. Based on the evidence and Debtor's course of conduct, the Court finds

that Debtor made the false statement knowingly and fraudulently.

The Court finds that Harrison has also demonstrated Debtor's fraudulent intent by

showing Debtor's reckless indifference to the truth in filling out her schedules and

statements. <u>See</u> <u>In re Beaubouef,</u> 966 F.2d 174, 177 (5th Cir. 1992) (stating that the

existence of more than one falsehood, together with the debtor's failure to subsequently

clear up all inconsistencies and omissions, constituted reckless indifference to the truth and,

therefore, the requisite intent to deceive). The schedules filed by Debtor failed to indicate

that she had transferred her interest in the Property. In addition, Debtor did not amend her

SOFA to disclose the 2005 transfer, despite its omission being raised by Harrison. Debtor

---

[4]     Debtor listed only two creditors in her case, GMAC and Harrison. Debtor reaffirmed her debt with
GMAC by reaffirmation agreement filed on December 5, 2006.

7

showed reckless indifference to the truth by omitting this transfer in her SOFA and by failing to amend her SOFA after the omission was revealed.

Debtor argues in her memorandum that she did not knowingly make a false statement because she thought she only had a life estate interest and believed that the life estate interest was not an asset of the estate. However, Debtor presented no affidavits that provide evidence of her intent or beliefs regarding the disclosure of the Property in her SOFA. The evidence before the court provides no support for her assertion that she believed that she only had a life estate that was not a property interest of the type required to be addressed in Question 10. Furthermore, a debtor may not escape a § 727(a)(4)(A) denial of discharge by asserting that the omitted property interest was worthless. See Farouki v. Emirates Bank Int'l, Ltd., 14 F.3d 244, 251 n. 19 (4th Cir. 1994)(stating that the debtor's argument that his property would have been worthless at the time of filing is irrelevant to a decision under § 727(a)(4)(A); In re Colburn, 145 B.R. 851, 854 (Bankr. E.D.Va. 1992)("[A] debtor is required to make full disclosure of his assets notwithstanding the fact that an asset may seem worthless."); Ivey v. Anderson (In re Anderson), No. 03-13586C-7G, Adv. No. 04-2070, 2006 WL 995856, at *7 (Bankr. M.D.N.C. Feb. 13, 2006)("The recalcitrant debtor may not escape a section 727(a)(4)(A) denial of discharge by asserting that the admittedly omitted or falsely stated information concerned a worthless business relationship or holding; such a defense is specious.")(quoting Chalik v. Moorefield (In re Chalik), 748 F.2d 616, 618 (11th Cir. 1984).

The final issue is whether the statement was material to the bankruptcy case. "A statement relates to a material matter when it bears a relationship to the existence and disposition of a debtor's property." McDow v. Rothschild (In re Rothschild), C.A. No. 03-

8

11346, Adv. Pro. No. 03-80563, slip op. at 10 (Bankr. D. S.C. Jul. 1, 2004). Question 10 on the SOFA is asked so that the chapter 7 trustee can determine if the estate has any claims under 11 U.S.C. § 548 to avoid a fraudulent transfer that was made or occurred within two years before the date of the filing of the petition. Debtor argues that she had no interest that could have been pursued or seized by the Trustee for the benefit of any creditors of the estate. Whether an omission is material is not a question of value or whether the omission was detrimental to creditors but rather is a question of whether the subject matter of a false oath bears a relationship to the debtor's business transactions or estate or concerns the discovery of assets, business dealings or the existence and disposition of property. Id. at 12. Debtor's failure to disclose the 2005 transfer prevented the Trustee from determining the existence and disposition of the Property and from pursuing the Property for the benefit of the creditors of the estate. Accordingly, the Court finds there is no genuine issue of material fact regarding whether Debtor's false statement was material to the case.

### III.    Recent Fourth Circuit Opinion Regarding Denial of Discharge under 11 U.S.C. § 727(a)(4)(A)

In In re French, the Fourth Circuit recently held that a bankruptcy court erred when it granted summary judgment in favor of a creditor who asserted that the debtor should be denied a discharge under §727(a)(4)(A) because the debtor had made false oaths. No. 06-1405, 2007 WL 2410874 at *6 (4th Cir. Aug. 27, 2007). The bankruptcy court determined that the debtor had intentionally made false oaths and found that the opposing affidavits of the debtor and his expert witnesses, which asserted that any inaccurate or inconsistent statements debtor had made under oath were the result of confusion or impaired mental

function, were unreliable. The Fourth Circuit concluded that the bankruptcy court had made credibility determinations regarding the affidavits that were not appropriate in a court's assessment of a motion for summary judgment and found that the affidavits created a genuine issue of material fact as to whether the debtor had the necessary fraudulent intent to deny him a discharge. Id.

This case is distinguishable from the French case because Debtor has presented no affidavits or other appropriate evidence to indicate that she did not have fraudulent intent. Debtor "may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment." Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir.1992). The evidence relied on by Debtor to create a genuine issue of material fact must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data Gen. Corp., 12 F.3d 1310, 1316 (4th Cir. 1993). A memorandum of law does not suffice. Debtor must go beyond the pleadings and present evidence supporting her position through "depositions, answers to interrogatories, and admissions on file, together with … affidavits, if any." Celotex v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.E.2d 265 (1986). Unlike the debtor in French, Debtor also failed to present affidavits of third parties or expert affidavits to raise an issue of fact. Accordingly, the Court finds that Debtor has failed to present proper evidence showing that a genuine issue of fact exists for trial.

## <u>CONCLUSION</u>

For the foregoing reasons, Harrison's Motion for Summary Judgment is granted and

Debtor's discharge is denied pursuant to 11 U.S.C. § 727(a)(4)(A).

**AND IT IS SO ORDERED.**

UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina
September 28, 2007

11